ORDERED in the Southern District of Florida on March 1, 2010



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-33951-BKC-AJC
CHAPTER 13 CASE

In re:

LUIS F. JARAMILLO,

Debtor

### ORDER SUSTAINING DEBTOR'S OBJECTION
### TO CLAIM #4 OF GMAC MORTGAGE, LLC

**THIS CAUSE** came before the Court for hearing on February 16, 2010, upon Debtor's Objection to Claim of GMAC Mortgage, LLC (Doc. 40). Upon the proffers, representations and argument of counsel, the Court sustains the objection.

GMAC Mortgage, LLC ("GMAC") holds a first mortgage on Debtor's principal residence. Debtor's mortgage with GMAC provides for attorney's fees in a bankruptcy proceeding.[1] Its Claim

---

[1] Uniform Covenant 9 of the mortgage provides, in part:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (<u>such as a proceeding in bankruptcy</u>, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security

No. 4 lists no arrearages but includes $300.00 in attorneys fees for:

> Fees incurred by bankruptcy counsel to protect Secured Creditor's interest in the subject property and/or its rights under the loan documents as a result of Debtor's commencement of bankruptcy proceeding. Services include but are not limited to the following: filing Notice of Appearance, review of Chapter 13 Plan(s), review of bankruptcy petition, schedules and statements, notification of post-petition payment amount, filing of Proof of Claim, and monitoring for confirmation hearing date(s).

Debtor objects to paying any attorney's fees to GMAC because the loan was current on the petition date and is being paid outside the plan. The Debtor asserts that the mortgage is a first mortgage on the Debtor's homestead and the loan is not capable of being modified in the instant bankruptcy pursuant to 11 U.S.C. §1322(a); therefore, any attorney's fees incurred were not necessary to protect GMAC's interest or attain priority over this lender's security interest. GMAC argues that, as long as this case remains subject to the jurisdiction of this Court, it cannot treat the Debtor's mortgage in the normal course.

GMAC may treat Debtor's mortgage any way it wishes, but it cannot obtain attorney's fees for protection of its security when no protection is required. In this case, the mortgage was current and continues to be current. While GMAC may not be able to treat the mortgage "in the normal course" internally due to the Debtor's filing a bankruptcy case, the Court finds no justifiable reason as to why the Debtor should have to pay for GMAC's internal policy procedures. The Debtor is paying, and apparently has paid the mortgage current since prior to the filing of this bankruptcy case.

---

Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and © paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, <u>including its secured position in a bankruptcy proceeding</u> [emphasis supplied].

2

Debtor's loan was current on the filing date and the Debtor's Plan indicates that GMAC it to be paid outside the Plan. The Court finds no justification for GMAC incurring any fees in this case to protect its interests as the mortgage is admittedly non-modifiable and otherwise unaffected by this bankruptcy case.

While GMAC provides potential scenarios that could arise, such as the Debtor becoming delinquent postpetition and prior to confirmation or amending the Plan to provide for GMAC to cure a postpetition default, none of these circumstances exist in this case and do not serve to justify the attorney's fees requested. If GMAC decided that any mortgage loan it closed might become delinquent or in default and, therefore, every loan should be treated specially and the borrower charged attorney's fees each month to calm the lender's concerns over what might occur in future, then every mortgagor would be at the mercy of whether or not the lender's loan officers had insomnia. That is not the way it is. The $300 in fees requested for the services performed to date are not compensable under the loan agreement. The services allegedly provided were not necessary to protect GMAC's interests as the loan is current, not in default, and being paid outside the plan. The fees are not reasonable or necessary. They are in fact an overreach by the lender.

The services for which GMAC seeks attorneys fees are services which do not require specialized legal knowledge. Rather, they are activities that any creditor should engage in upon receipt of a Notice of Bankruptcy Filing as part of the ordinary administration of a loan. See, In re Porter, 399 B.R. 113 (Bankr. D.N.H. 2008). GMAC's claim provides no explanation of how this case was extraordinary or different that it could not have conducted such a routine review of its lending relationship without lawyer input. Id. These activities were part of the administration of the loan and the exercise of business judgment of the bank, but such activities do not ordinarily require

3

advice from a trained legal expert. Id. at 118. Accordingly, any time expended by GMAC's counsel in reviewing the information in the bankruptcy schedules or analyzing the Debtor's financial ability to pay was not time reasonably incurred by an attorney in a routine first mortgage loan with no payment default and with no challenge being made to the validity or perfection of the mortgage lien.

The court in Porter, citing In re Banks, 31 B.R. 173, 178-79 (Bankr. N.D. Ala. 1982), noted it is both unnecessary and unreasonable to charge a Chapter 13 debtor with attorney's fees for the performance of a non-legal service when, for the performance of the same services, a non-lawyer could not charge or collect such fees. Id. at 119. In Banks, the court held that "merely referring a matter to an attorney does not authorize attorney's fees because services must be necessary in order to be covered under such note." 31 B.R. at 176. The Banks court concluded that "the work performed here did not require any special legal training nor did it involve the practice of law. Creditors routinely file Proofs of Claim and attend Confirmation Hearings without the assistance of an attorney." Id. at 178.

Therefore, based on the equities of the case and in light of the case law on point, it is

**ORDERED AND ADJUDGED** that Debtor's Objection to Claim #4 of GMAC Mortgage, LLC is SUSTAINED to the extent it objects to the $300.00 attorney's fees in the claim.

###

**Copies furnished to:**

Laila Gonzalez, Esq.
Frederic J. DiSpigna, Esq.

Attorney Gonzalez is directed to mail a copy of this order to all interested parties not receiving electronic notice and to file a certificate of mailing with the court.

4